**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHINUA JARRETT,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC; SAVVYMONEY, INC.; CENTRAL SOURCE, LLC d/b/a AnnualCreditReport.com,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-cv-01207-DFB |

**DEFENDANT CENTRAL SOURCE, LLC'S**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ... 1

II. PROCEDURAL HISTORY ... 2

III. STATEMENT OF FACTS ... 2

IV. STATEMENT OF QUESTIONS PRESENTED ... 3

V. ARGUMENT ... 3

A. Legal Standard ... 3

B. The Complaint does not meet the pleading standard of Fed. R. Civ. P. 8 and relies on improper group pleading. ... 3

C. Plaintiff's claims against Central Source are also inadequately pled and fail as a matter of law. ... 5

1. Plaintiff does not plead the elements of a negligence claim (Count I). ... 5

a) Central Source does not owe Plaintiff a duty. ... 6

b) Central Source did not breach any duty to Plaintiff. ... 7

c) Plaintiff did not plead that Central Source caused any damages. ... 7

2. Plaintiff does not plead a viable invasion of privacy claim (Count III). ... 8

a) Plaintiff's privacy allegations are an improper "formulaic recitation of the elements." ... 8

b) Plaintiff does not allege a privacy claim for "disclosure of private facts" against Central Source. ... 8

3. Plaintiff has not—and cannot—sufficiently allege any claim under Section 1681j of the FCRA for denial of a statutory right (Count IV). ... 10

a) Central Source is not a consumer reporting agency. ... 10

b) Plaintiff does not allege he was entitled to a free credit disclosure. ... 12

c) Plaintiff defeats his claim by attaching his TransUnion report. ... 12

D. Plaintiff's claims against Central Source should be dismissed with prejudice. ... 13

VI. CONCLUSION ... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aronson v. Sprint Spectrum, L.P.*,
2001 PA Super 15, 767 A.2d 564 (2001)....................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3, 12

*Attanasio v. Cmty. Health Sys., Inc.*,
863 F. Supp. 2d 417 (M.D. Pa. 2012)....................3

*Bartol v. Barrowclough*,
No. 17-0614, 2017 WL 1709814 (E.D. Pa. May 3, 2017)....................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................3, 5, 8

*Bugoni v. Checkr Inc.*,
No. 21-cv-05791-JSC, 2021 WL 3565436 (N.D. Cal. Aug. 12, 2021)....................10

*Carlton v. Choicepoint, Inc.*,
No. 08-5779-RBK/KMW, 2009 WL 4127546 (D.N.J. Nov. 23, 2009)....................11

*Conley v. Gibson*,
355 U.S. 41 (1957)....................4

*Cooper v. Frankford Health Care Sys., Inc.*,
2008 PA Super 248, 960 A.2d 134 (2008)....................6

*D'Angelo v. Wilmington Med. Ctr., Inc.*,
515 F.Supp. 1250 (D. Del. 1981)....................11

*Davis v. Abington Mem'l Hosp.*,
No. CIV.A. 09-5520, 2012 WL 3206030 (E.D. Pa. Aug. 7, 2012), *aff'd*, 765 F.3d 236 (3d Cir. 2014)....................5

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
482 F.3d 247 (3d Cir. 2007)....................13

*Ford v. Oliver*,
2017 PA Super 394, 176 A.3d 891 (2017)....................6

*Fragale v. Wells Fargo Bank, N.A.*,
480 F.Supp.3d 653 (E.D. Pa. 2020)....................6

*Frazier v. Southeastern Pa. Transp. Auth.*,
785 F.2d 65 (3d Cir. 1986).........................................................................................3

*Gagliardi v. Experian Info. Solut., Inc.*,
No. 08-892, 2009 WL 365647 (W.D. Pa. Feb. 12, 2009)........................................................9

*Kryeski v. Schott Glass Techs., Inc.*,
426 Pa. Super. 105, 626 A.2d 595 (1993).....................................................................9

*Lehman v. Legg Mason, Inc.*,
532 F. Supp. 2d 726 (M.D. Pa. 2007).........................................................................4

*Litwak v. Tomko*,
No. 3:16-cv-00446, 2018 WL 1378633 (M.D. Pa. Mar. 19, 2018)......................................4, 5

*Martin v. Evans*,
711 A.2d 458 (Pa. 1998).............................................................................................7

*Minix v. Central Source, LLC*,
No. 1:19-cv-108, 2019 WL 6121413 (N.D.W.V. Sept. 26, 2019)..........................................11

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)..................................................................................................2

*Nicholas v. Giola*,
No. 1:24-cv-01769, 2025 WL 1655451 (M.D. Pa. Jun. 10, 2025)..........................................13

*Pinkney v. Meadville, PA*,
No. 1:19-cv-167, 2020 WL 1985037 (W.D. Pa. April 27, 2020).........................................8, 9

*Roman v. Geisinger W.V. Med. Center*,
No. 3:20-45, 2021 WL 1173000 (M.D. Pa. Mar. 29, 2021).....................................................8

*In re Rutter's Inc. Data Security Breach Litigation*,
511 F.Supp.3d 514 (M.D. Pa. Jan. 5, 2021)....................................................................6

*Salyers v. A.J. Blosenski, Inc.*
731 F. Supp. 3d 670 (E.D. Pa. 2024)............................................................................5

*Sell v. Barner*,
586 F. Supp. 319 (E.D. Pa. 1984)................................................................................3

*Spivack v. Berks Ridge Corp. Inc.*,
402 Pa. Super. 73, 586 A.2d 402 (1990).......................................................................7

*St. Paul Fire and Marine Ins. Co. v. Nolen Group, Inc.*,
No. 02-8601, 2007 WL 2571524 (E.D. Pa. Aug. 31, 2007).....................................................7

*Steele v. First Nat. Bank of Mifflintown*,
963 F.Supp.2d 417 (M.D. Pa. 2013) ....................6

*Toro v. Fitness Int'l LLC.*,
150 A.3d 968 (2016) ....................6

*Vaughn v. Cap. One Bank (USA)*,
No. CV 22-3615, 2023 WL 2588552 (E.D. Pa. Mar. 21, 2023) ....................6

*Vogel v. W. T. Grant Co.*,
458 Pa. 124, 327 A.2d 133 (1974) ....................9

*Vorchheimer v. Philadelphian Owners Assoc.*,
903 F.3d 100 (3d Cir. 2018) ....................13

*Walters v. UPMC Presbyterian Shadyside*,
187 A.3d 214 (Pa. 2018) ....................7

*Weiland v. Palm Beach County Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ....................4

*In re Westinghouse Securities Litigation*,
90 F.3d 696 (3d Cir. 1998) ....................4

*Whitefield v. Nationstar Mortg., LLC*,
434 F. Supp. 3d 238 (E.D. Pa. 2020) ....................9

**Statutes**

15 U.S.C. § 1681a ....................11

15 U.S.C. § 1681g ....................11

15 U.S.C. § 1681h ....................12

15 U.S.C. § 1681j ....................2, 10, 11, 12, 13

**Rules**

Fed. R. Civ. P. 8 ....................3, 4

Fed. R. Civ. P. 81(c)(2) ....................2

Fed. R. Civ. P. 12(b)(6) ....................3

Pennsylvania Code Rule 403 ....................2

Pennsylvania Code Rule 404 ....................2

Pursuant to L.R. 7.5, Defendant Central Source, LLC ("Central Source") submits this brief in support of its Motion to Dismiss the Complaint of Plaintiff Chinua Jarrett ("Plaintiff").

## I. INTRODUCTION

This case arises from an alleged disclosure of Plaintiff's credit report to "criminal actors" without his consent. Central Source does not belong in this case but appears to have been named as a defendant because it maintains AnnualCreditReport.com, which allows consumers (including Plaintiff) to request their annual credit report from the three nationwide credit reporting agencies—TransUnion, Equifax, and Experian. Plaintiff does not allege any viable claims against Central Source. There are no allegations of wrongdoing by Central Source in Plaintiff's Complaint, and all claims against Central Source should be dismissed with prejudice.

As an initial matter, Plaintiff's Complaint suffers from various pleading flaws. It is plagued by naked assertions, labels, conclusions, and improper "group pleading" allegations against "Defendants," making it a nearly impossible task to follow each claim. Plaintiff does not specify which credit report was disclosed, who disclosed it, or when it was disclosed—much less how Central Source could be liable when he simply used AnnualCreditReport.com to request a credit report from TransUnion. On the one hand, Plaintiff contends that he was unable to obtain a copy of his own credit report, but, on the other hand, he separately attaches a copy of his alleged TransUnion report. Such conflicting and often nonsensical allegations cannot survive this motion to dismiss, and Plaintiff's vague allegations and improper pleading do not provide adequate notice to Central Source of the claims asserted against it, which alone requires dismissal of the Complaint.

Furthermore, in addition to the pervasive pleading defects in the Complaint, all of Plaintiff's claims against Central Source also fail as a matter of law. As further discussed below, he attempts to plead a negligence claim (Count I) but is unable to allege that Central Source owed him any duty or breached a duty. He is similarly unable to plead an invasion of privacy claim

(Count III) against Central Source because it did not—and could not—"publish" any private credit report about Plaintiff. Plaintiff's "statutory right" claim under Section 1681j of the Fair Credit Reporting Act ("FCRA") (Count IV) also fails because Section 1681j does not apply to Central Source. In short, despite Plaintiff's best attempt to manufacture claims against Central Source, he is unable to do so and his claims should be dismissed ***with prejudice***.

## II. PROCEDURAL HISTORY

On May 7, 2025, Plaintiff filed his original complaint in the Court of Common Pleas of Monroe County, Pennsylvania. *See* Doc. 1-2. On July 2, 2025, Defendant Trans Union LLC removed this action to this Court. *See* Doc. 1. Central Source has not been properly served, but moved to dismiss, on July 15, 2025.[1] This brief is filed in support of the Motion to Dismiss.

## III. STATEMENT OF FACTS

On an unspecified date, Plaintiff allegedly requested a copy of his credit report from TransUnion via Central Source's website, AnnualCreditReport.com, which "provide[s] consumers with access to free annual credit reports from the major credit bureaus, including TransUnion." *See* Compl. ¶¶ 4, 7. Plaintiff claims that "Defendants" rejected his request on an unspecified date (*id* ¶ 25), but he ultimately received a copy of his TransUnion credit report, dated July 27, 2024, and attached it as an exhibit to the Complaint. *Id*., ¶ 25; Ex. A to Complaint (Doc. 4), p. 1. He further suggests that an unspecified TransUnion report was disclosed to "criminal actors" without his consent, but does not plead anything about the alleged disclosure, such as which report was disclosed, who disclosed it, how it was disclosed, or the information therein. *Id*. ¶¶ 6-7, 12. He does not identify the "criminal actors," but contends they were "part of an online organization to

[1] Central Source received a copy of the Summons and Complaint via certified mail on June 24, 2025. *See* Doc. 1-3, p. 4. The certified mailing of the Complaint was not proper service because it did not "require[e] a receipt signed by the defendant," as provided in Pennsylvania Code Rules 403 and 404. *See* Fed. R. Civ. P. 81(c)(2); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (adopting a "sensibl[e]" approach to Rule 81(c)(2)).

stalk, harass, and intimidate people online" and accessed his report "as an illegal witness intimidation tactic to get the Plaintiff to settl[e]" an unrelated civil litigation in Arizona. *Id.* ¶ 12.

## IV. STATEMENT OF QUESTIONS PRESENTED

**Whether Plaintiff failed to adequately allege, pursuant to the pleading standard in Fed. R. Civ. P. 8, claims against Central Source for common law negligence (Count I), invasion of privacy – public disclosure of facts (Count III), and violation of statutory right (Count IV), and Plaintiff's claims against Central Source must be dismissed with prejudice.**

***Central Source suggests that the Above Question should be answered in the affirmative.***

## V. ARGUMENT

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The complaint must contain "more than labels and conclusion" and "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[M]ere boilerplate allegations [] without any supporting details—essentially a formulaic recitation of the elements of a cause of action—are insufficient to raise a plaintiff['s] right to relief above a speculative level." *Attanasio v. Cmty. Health Sys., Inc.*, 863 F. Supp. 2d 417, 423 (M.D. Pa. 2012) (internal quotations omitted).

### B. The Complaint does not meet the pleading standard of Fed. R. Civ. P. 8 and relies on improper group pleading.

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8, which requires a complaint "provide[s] the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Frazier v. Southeastern Pa. Transp. Auth.*, 785 F.2d 65, 66 (3d Cir. 1986) (citing Fed. R. Civ. P. 8); *Sell v. Barner*, 586 F. Supp. 319, 321 (E.D. Pa. 1984) (where a complaint "relies on vague and conclusory allegations [it] does not provide 'fair notice' and will not survive a motion to dismiss"). "Taken together, Rules 8(a) and 8(e)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules." *See In re Westinghouse Securities Litigation*, 90 F.3d 696, 702 (3d Cir. 1998) ("[A]ny pleading [] shall contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Although improper pleadings can take many forms, this District has identified that examples of improper shotgun complaints that fail to comply with Rule 8 include complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Litwak v. Tomko*, No. 3:16-cv-00446, 2018 WL 1378633, at *5 n.4 (M.D. Pa. Mar. 19, 2018) (quoting *Bartol v. Barrowclough*, No. 17-0614, 2017 WL 1709814, *3-4 (E.D. Pa. May 3, 2017)). "Simply stated, a shotgun pleading does not give defendants adequate notice of the claims brought against them and the grounds upon which each claim rests." *Litwak*, 2018 WL 1378633. at *5 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 729 (M.D. Pa. 2007) (complaint "must give the defendant fair notice of what the [] claim is and the ground upon which it rests.").

Here, Plaintiff's Complaint resorts to vague, ambiguous, conclusory, and conflicting allegations that do not "give [Central Source] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Bartol*, 2017 WL 1709814, at *4 (discussing the "unifying characteristic of [] shotgun pleadings") (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)). In classic shotgun pleading fashion, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Litwak*, 2018 WL 1378633, at *5 n.4. For instance, Plaintiff acknowledges that Central Source merely "provides" consumers with access to credit reports and that he used Central Source

for this purpose (*see* Compl., ¶¶ 4-7), but then tries to generically plead the elements of his claims by vaguely alleging that "Defendants" refused his request for a TransUnion report (which, in turn, appears to be attached as Exhibit A) and also permitted unauthorized access to his report. *Id.* ¶¶ 6-7, 10, 25; *see also Twombly*, 550 U.S. at 555 (complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Absent from Plaintiff's formulaic recitation of the elements are any allegations that would identify a "viable legal theory" against Central Source or identify why it is named as a defendant. *See Davis v. Abington Mem'l Hosp.*, No. CIV.A. 09-5520, 2012 WL 3206030, at *3 (E.D. Pa. Aug. 7, 2012), *aff'd*, 765 F.3d 236 (3d Cir. 2014) ("The Complaint must set forth direct or inferential allegations [for] all the material elements necessary to sustain recovery under some viable legal theory.").

Moreover, underscoring the Complaint's deficiencies, Plaintiff repeatedly attempts to "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for [what]," and improperly makes vague allegations against "Defendants." *See Litwak*, 2018 WL 1378633, at *5 n.4; *Salyers v. A.J. Blosenski, Inc.* 731 F. Supp. 3d 670, 683-84 (E.D. Pa. 2024) (a complaint is insufficient where there is 'genuine uncertainty regarding who is responsible for what,' such as when multiple defendants are 'accused of acting jointly.'"). Rather than specify what each defendant is responsible for, Plaintiff instead lumps Central Source with all "Defendants," thus providing no notice of the basis for his claims. *See* Compl. ¶¶ 7-26. These vague allegations fall short of Rule 8's standard, and the Complaint should be dismissed.

### C. Plaintiff's claims against Central Source are also inadequately pled and fail as a matter of law.

#### *1. Plaintiff does not plead the elements of a negligence claim (Count I).*

Plaintiff alleges that "Defendants" are liable for negligence by permitting "unauthorized access" to his report. *See* Compl., ¶¶ 10-13. To plead a negligence claim, a plaintiff must allege:

"(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Toro v. Fitness Int'l LLC.*, 150 A.3d 968, 976-77 (2016). Plaintiff fails to allege any of these elements as to Central Source.

**a) Central Source does not owe Plaintiff a duty.**

Plaintiff cannot plead that Central Source owes him any duty. He claims that all three defendants owed him the same duty, i.e., "to safeguard confidential consumer information and prevent unauthorized access and/or exposure." *See* Compl., ¶ 10. Any such duty requires a "pre-existing" relationship between Plaintiff and Central Source, or at least some sort of "affirmative act" by Central Source that creates a "special relationship." *In re Rutter's Inc. Data Security Breach Litigation*, 511 F.Supp.3d 514, 529-30 (M.D. Pa. Jan. 5, 2021). No duty exists when "there is no relationship" and the defendant did not take "any affirmative action" to "create[e] a special relationship." *Fragale v. Wells Fargo Bank, N.A.*, 480 F.Supp.3d 653, 662 (E.D. Pa. 2020).

Courts routinely dismiss negligence claims where the defendant did not owe a duty to the plaintiff. *See, e.g.*, *Steele v. First Nat. Bank of Mifflintown*, 963 F.Supp.2d 417, 424 (M.D. Pa. 2013) ("The Plaintiff here, however, has made no such allegation which either establishes or tends to establish that First National owed any duty to him."); *Vaughn v. Cap. One Bank (USA)*, No. CV 22-3615, 2023 WL 2588552, at *5 (E.D. Pa. Mar. 21, 2023) ("This claim fails for lack of duty."); *Cooper v. Frankford Health Care Sys., Inc.*, 2008 PA Super 248, ¶ 30, 960 A.2d 134, 148 (2008) ("The lack of a duty, alone, is enough to conclude that Plaintiff cannot sustain a cause of action based upon negligence."); *Ford v. Oliver*, 2017 PA Super 394, 176 A.3d 891, 906 (2017) ("We therefore agree with the trial court that the Fords' negligence claim against EQT and Equitrans was properly dismissed because EQT and Equitrans owed no duty to the Fords.")

The same result is appropriate here. Plaintiff's allegations merely lump Central Source in with "Defendants." *See* Compl., ¶¶ 10-13. He suggests that "Defendants" had an unspecified duty

to "safeguard," but that ignores that he simply used Central Source's website to submit an online "request" with TransUnion. *Id*. ¶¶ 7, 10-13. He does not allege that he had a pre-existing relationship with Central Source, or that Central Source took an affirmative action—with regard to TransUnion's report or otherwise—to give rise to a duty. *Id*. Therefore, Plaintiff's negligence claim fails because Central Source did not owe him a duty and he has not pled that it does.

**b) Central Source did not breach any duty to Plaintiff.**

Even if Central Source owed Plaintiff a duty, Plaintiff cannot allege any breach of that duty. "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *Walters v. UPMC Presbyterian Shadyside*, 187 A.3d 214, 221 (Pa. 2018) (quoting *Martin v. Evans*, 711 A.2d 458, 462 (Pa. 1998)). Here, Plaintiff alleges that "Defendants" breached a duty to Plaintiff "by failing to implement adequate protections, verification procedures, and/or compliance systems." *See* Compl., ¶ 11. Beyond group pleading, he does not specify Central Source's "protections," "procedures," or how it breached a duty to him where Central Source's minimal involvement was to simply allow him to make a "request" to TransUnion. *Id*. ¶¶ 4, 7, 10-13. Plaintiff does not even allege that Central Source even had access to or possession of his TransUnion report that could have led to alleged "unauthorized access." *Id*. Plaintiff's negligence claim should be dismissed for this additional reason.

**c) Plaintiff did not plead that Central Source caused any damages.**

Finally, Plaintiff does not allege that Central Source caused his damages. *St. Paul Fire and Marine Ins. Co. v. Nolen Group, Inc.*, No. 02-8601, 2007 WL 2571524, at *3 (E.D. Pa. Aug. 31, 2007) (defendant's breach must have "caused [Plaintiff's] injury in question"). Plaintiff group against "Defendants" and omits any reference to how Central Source could have caused damages through his use of AnnualCreditReport.com. *See* Compl., ¶¶ 4, 7, 13. Nor does he allege the existence of a "physical injury or property damages" caused by Central Source. *See Spivack v.*

*Berks Ridge Corp. Inc.*, 402 Pa. Super. 73, 78, 586 A.2d 402, 405 (1990) ("[E]conomic losses may not be recovered in tort (negligence) absent physical injury or property damage.").

### *2. Plaintiff does not plead a viable invasion of privacy claim (Count III).*

Plaintiff claims "Defendants" invaded his privacy by "wrongly disclos[ing]" a credit report "to third parties and/or fail[ing] to prevent its disclosure." *See* Compl., ¶¶ 10-13. There are four privacy torts: "(1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) publicity given to private facts; and (4) publicity placing a person in a false light." *See Roman v. Geisinger W.V. Med. Center*, No. 3:20-45, 2021 WL 1173000, at *2 (M.D. Pa. Mar. 29, 2021) (quoting *Pinkney v. Meadville, PA*, No. 1:19-cv-167, 2020 WL 1985037, *1 (W.D. Pa. April 27, 2020)). Of those four, Plaintiff asserts a "public disclosure of private facts" claim (*see* Count III), which requires him to allege "(1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person, and (4) not of legitimate concern to the public." *See Pinkney*, 2020 WL 1985037, at *2. He does not allege any of these elements.

#### a) Plaintiff's privacy allegations are an improper "formulaic recitation of the elements."

Plaintiff's privacy claim consists of three paragraphs that are no more than a "formulaic recitation of the elements." *See* Compl., ¶¶ 20-22; *Twombly*, 550 U.S. at 555. Plaintiff recites the "elements" (such as "offensive," "private," "public," and "wrongfully disclosed") but these terms alone—without allegations as to Central Source's conduct—do not plead a viable privacy claim. *See* Compl., ¶¶ 20-23. Plaintiff does not even plead how the report was allegedly disclosed or what type of information was in the report. *Id*. Count IV should be dismissed for this reason alone.

#### b) Plaintiff does not allege a privacy claim for "disclosure of private facts" against Central Source.

Plaintiff's allegations do not support a privacy claim for "disclosure of private facts." He does not allege the first element—i.e., that Central Source "publicized" his credit report. *Aronson*

*v. Sprint Spectrum, L.P.*, 2001 PA Super 15 ¶ 9, 767 A.2d 564, 568 (2001) (plaintiffs "must allege [] that their private information has been disseminated to the public at large"). "Publicity" in this context "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Kryeski v. Schott Glass Techs., Inc.*, 426 Pa. Super. 105, 118, 626 A.2d 595, 601 (1993). "Widespread dissemination, rather than mere publication, is required." *Gagliardi v. Experian Info. Solut., Inc.*, No. 08-892, 2009 WL 365647, at *5 (W.D. Pa. Feb. 12, 2009).

Here, Plaintiff vaguely claims that "Defendants" "wrongfully disclosed" an unidentified "credit report." *See* Compl., ¶¶ 20-22. However, in other allegations, Plaintiff is unsure if his report was ever disclosed. *Id*. ¶¶ 6, 20 ("this data ***may*** have been exposed to third parties") (emphasis added); *see Whitefield v. Nationstar Mortg., LLC*, 434 F. Supp. 3d 238, 244 (E.D. Pa. 2020) ("Something more than a mere possibility of a claim must be alleged."). He does not even identify the credit report that was allegedly disclosed. *See* Compl., ¶¶ 6-27. Moreover, Plaintiff does not claim that the disclosure was "widespread" or who the alleged publication was to, other than to identify them as an unspecified number of "criminal actors." *Id*. ¶ 12; *Gagliardi*, 2009 WL 365647, at *5 (disclosure to three credit reporting agencies is not "publication").

Regardless, Plaintiff's "disclosure of private facts" claim is defeated by the fact that Central Source was simply an online resource to submit his request with TransUnion. *See* Compl., ¶¶ 4, 7. He does not allege that Central Source had access to his report, which precludes him from claiming that Central Source could have publicized the report. *Id*.; *Pinkney*, 2020 WL 1985037, at *2 (dismissing claim when defendants did not have "access to the information at the time" of the publication); *Vogel v. W. T. Grant Co.*, 458 Pa. 124, 133, 327 A.2d 133, 138 (1974) ("Without proof of publication, appellees have not established an actionable invasion of privacy.").

Beyond his inability to plead the publication element of a "disclosure of private facts" claim against Central Source, Plaintiff does not allege the remaining elements of the claim either. He certainly cannot allege the publication of "private facts" that was "highly offensive" when he fails to identify the specific report that was allegedly disclosed or what information was in that report. *See* Compl., ¶¶ 20-22. Nor does plaintiff allege the report date or how such disclosure could have been "offensive." *Id*. Count IV should be dismissed for this additional reason.

#### ***3. Plaintiff has not—and cannot—sufficiently allege any claim under Section 1681j of the FCRA for denial of a statutory right (Count IV).***

Plaintiff also contends that "Defendants" violated his "statutory rights" in Section 1681j of the FCRA to "obtain a free credit report." *See* Compl., ¶¶ 24-26. In Section 1681j, the FCRA "impose[s] certain requirements on a credit reporting agency in responding to consumer requests regarding their files." *See Bugoni v. Checkr Inc.*, No. 21-cv-05791-JSC, 2021 WL 3565436, at *3 (N.D. Cal. Aug. 12, 2021). Plaintiff cannot allege a claim under this section because Central Source is not a consumer reporting agency, Plaintiff has not pled that he was entitled to a free credit disclosure, and this claim is defeated by Exhibit A to the Complaint.

##### **a) Central Source is not a consumer reporting agency.**

Section 1681j does not apply to Central Source because it is not a consumer reporting agency. Only consumer reporting agencies are subject to the requirements in Section 1681j. *See* 15 U.S.C. §§ §§ 1681j(a)(1)(A), (a)(2) (requiring "consumer reporting agencies" to "make all disclosures [] once during any 12-month period upon request of the consumer," "without charge to the consumer," and "not later than 15 days after the date on which the request is received.").

The FCRA defines the term "consumer reporting agency" to include:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means

> or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f). The term "assemble" implies "a function which involves more than receipt and retransmission of information identifying a particular debt." *See D'Angelo v. Wilmington Med. Ctr., Inc.*, 515 F.Supp. 1250, 1253 (D. Del. 1981). "[O]btaining and forwarding information does not make an entity a [consumer reporting agency]." *Carlton v. Choicepoint, Inc.*, No. 08-5779-RBK/KMW, 2009 WL 4127546, at *3 (D.N.J. Nov. 23, 2009) (entity is not a consumer reporting agency when it is "merely a conduit of information").

Central Source does not fall within the definition of a consumer reporting agency—and Plaintiff does not allege otherwise. *See* Compl. ¶¶ 4, 7. He alleges Central Source is an "entity designated by federal law to provide consumers with access to free annual credit reports from the major credit bureaus, including TransUnion." *See* Compl. ¶ 4. Plaintiff used Central Source to "request access to [his] credit report[] from TransUnion." *Id*. ¶ 7. Facilitating Plaintiff's request to TransUnion did not turn Central Source into a consumer reporting agency, which may be why Count IV references "Defendants" collectively and not Central Source specifically. *Id*. ¶¶ 23-26.

The *Minix* decision is instructive. In that case, the plaintiff alleged that Central Source violated Section 1681j by failing to provide his credit report. *See Minix v. Central Source, LLC*, No. 1:19-cv-108, 2019 WL 6121413, at *6-7 (N.D.W.V. Sept. 26, 2019). The *Minix* plaintiff alleged that Central Source "is responsible for receiving mailed consumer request for free annual credit file disclosure" and "forwards the request to the appropriate credit reporting agency for fulfilment." *Id*. at *6. The court granted Central Source's motion to dismiss and held that the plaintiff "fail[ed] to allege facts sufficient to establish that [] Central Source is a 'credit reporting agency' and subject to the requirements imposed by 15 U.S.C. §§ 1681g and 1681j." *Id*. at *7.

The same result is warranted here. Plaintiff's inability to plead that Central Source is a consumer reporting agency defeats any "statutory" right claim under Section 1681j because that section applies only to consumer reporting agencies. Count IV should be dismissed with prejudice.

**b) Plaintiff does not allege he was entitled to a free credit disclosure.**

Moreover, Plaintiff has not pled a viable Section 1681j claim for the additional reason that he does not allege that he is entitled to a free credit disclosure. *See* Compl., ¶¶ 23-26. "[C]onsumer reporting agencies" are required to "make all disclosures [] once during any 12-month period upon request of the consumer," "without charge to the consumer," and "not later than 15 days after the date on which the request is received." *See* 15 U.S.C. §§ 1681j(a)(1)(A), (a)(2). Plaintiff fails to allege whether he was eligible for a free report at the time of his request or if he requested a report within the parameters in Section 1681j—for example, he does not allege when or how he submitted a request. *See* Compl., ¶¶ 24-26. Nor does he allege that he provided sufficient identification or information for his request. *Id.*; *see also* 15 U.S.C. § 1681h(a)(1) ("A consumer reporting agency shall require, as a condition of making the disclosures required under section 1681g of this title, that the consumer furnish proper identification."). Without such allegations, Plaintiff's claim that "Defendants" violated 1681j is supported by no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

**c) Plaintiff defeats his claim by attaching his TransUnion report.**

Finally, Plaintiff's Section 1681j claim is defeated by Exhibit A to the Complaint, which appears to be Plaintiff's credit report from TransUnion dated July 27, 2024. *See* Doc. 4, p. 1. Count IV is premised on Plaintiff's allegation that "Defendants" allegedly "refused to allow Plaintiff to access [his] own credit report," but he does not allege when the refusal occurred. *See* Compl., ¶ 25. Regardless, however, Exhibit A defeats Count IV because Plaintiff received the report in Exhibit A from TransUnion, which conflicts with his allegation to the contrary. When a complaint

exhibit contradicts the plaintiff's allegations, the exhibit controls. *See Vorchheimer v. Philadelphian Owners Assoc.*, 903 F.3d 100, 111-12 (3d Cir. 2018) ("[I]f his own exhibits contradict his allegations in the complaint, the exhibits control."). As a result, the Court should dismiss Count IV with prejudice based on the TransUnion report attached as Exhibit A.

**D. Plaintiff's claims against Central Source should be dismissed with prejudice.**

Plaintiff's claims against Central Source should be dismissed with prejudice and without leave to amend because there is no set of facts under which he can assert viable claims against Central Source. Denial of leave to amend is appropriate where any amendments would be futile. *See Nicholas v. Giola*, No. 1:24-cv-01769, 2025 WL 1655451, at *2 (M.D. Pa. Jun. 10, 2025) ("[T]he court concludes any further amendments to the complaint would be futile and will dismiss the complaint with prejudice."); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (dismissal with prejudice appropriate where amended claim "would be [] futile"). Here, any amended complaint would be futile because Plaintiff cannot cure the defects that require dismissal of his Complaint. An amended complaint will not change anything—there are no set of facts in which Plaintiff can allege that Central Source owes him a duty or that Central Source publicly disclosed his report. *See* Section III.C.1, 2, *supra*. Finally, Plaintiff can never plead that Central Source is a credit reporting agency subject to Section 1681j. *Id*. at III.C.3, *supra*. Therefore, Plaintiff's claims against Central Source should be dismissed with prejudice.

## VI. <u>CONCLUSION</u>

Therefore, for the above reasons, Plaintiff's claims against Central Source in the Complaint should be dismissed with prejudice.

Dated: July 15, 2025

Respectfully submitted,

By: */s/ Matthew M. Petersen*

Matthew M. Petersen
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
(303) 866-0634 telephone
(303) 866-0200 facsimile
matt.petersen@bclplaw.com
*Pro Hac Vice*

Hon. Joseph P. Walsh
WALSH PANCIO LLC
2326 North Broad Street, Suite 200
Colmar, PA 18915
(215) 368-8660 telephone
(215) 368-7990 facsimile
joe@walshpancio.com

ATTORNEYS FOR DEFENDANT CENTRAL SOURCE, LLC

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.8(b), the undersigned certifies that the foregoing document complies with the page limitation for this memorandum set forth in the Local Rules. This brief contains 4,464 words, excluding the cover page, table of contents, table of authorities, signature blocks, certificate of compliance, certificate of nonconcurrence, and certificate of service.

Dated: July 15, 2025

*s/ Matthew M. Petersen*
Matthew M. Petersen
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
(303) 866-0634 telephone
(303) 866-0200 facsimile
matt.petersen@bclplaw.com
*Pro Hac Vice*

Hon. Joseph P. Walsh
WALSH PANCIO LLC
2326 North Broad Street, Suite 200
Colmar, PA 18915
(215) 368-8660 telephone
(215) 368-7990 facsimile
joe@walshpancio.com

ATTORNEYS FOR DEFENDANT CENTRAL SOURCE, LLC

**CERTIFICATE OF NONCONCURRENCE**

Pursuant to L.R. 7.1, undersigned counsel certifies that, on July 14, 2025, counsel for Defendant Central Source, LLC conferred with Plaintiff regarding the relief sought in this Motion to Dismiss. Plaintiff does not concur with the relief sought in the Motion to Dismiss.

Dated: July 15, 2025

*s/ Matthew M. Petersen*

Matthew M. Petersen
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
(303) 866-0634 telephone
(303) 866-0200 facsimile
matt.petersen@bclplaw.com
*Pro Hac Vice*

Hon. Joseph P. Walsh
WALSH PANCIO LLC
2326 North Broad Street, Suite 200
Colmar, PA 18915
(215) 368-8660 telephone
(215) 368-7990 facsimile
joe@walshpancio.com

ATTORNEYS FOR DEFENDANT CENTRAL SOURCE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, causing a Notice of Electronic Filing to be transmitted to all counsel of record and by email upon:

Chinua Jarrett
138 Berwick Heights Road
East Stroudsburg, PA 18301
chinuajarrett@gmail.com
*Pro Se Plaintiff*

Andrew G. Hope
Janine Haughton
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
andrew.hope@bipc.com
janine.haughton@bipc.com
*Counsel for Defendant TransUnion, LLC*

Mark David McPherson
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
mmcpherson@goodwinlaw.com

Steven G. Harvey
Eileen Kelly Conway
Steve Harvey LLC
1880 JFK Blvd., Suite 1715
Philadelphia, PA 19103
steve@steveharveylaw.com
kelly@steveharveylaw.com
*Counsel for Defendant SavvyMoney, Inc.*

*/s/ Matthew M. Petersen*
Matthew M. Petersen
BRYAN CAVE LEIGHTON PAISNER LLP
*Counsel for Defendant Central Source, LLC*